UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOE MCCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00251-WTL-DLP |
| | ) | |
| ROBERT CARTER, JR., | ) | |
| DUSHAN ZATECKY, | ) | |
| DUANE ALSIP, | ) | |
| HUBERT DUNCAN, | ) | |
| LAURA BODKIN, | ) | |
| J. SCHURMAN, | ) | |
| A. SMITH, | ) | |
| KING, | ) | |
| M. STAMPER, | ) | |
| L. MASON, | ) | |
| M. CAYLOR, | ) | |
| J. REED, | ) | |
| MCKINNEY, | ) | |
| SHAW, | ) | |
| TOUKETTE, | ) | |
| D. ARONLD, | ) | |
| MYERS, | ) | |
| S. GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant

who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint names eighteen defendants. The plaintiff alleges that S. Gonzalez, a correctional officer at Wabash Valley, yelled to his entire cell house that he was a snitch. He alleges C. Gonzalez did this on more than one occasion and several other correctional officers failed to assist the plaintiff when he asked for help with the situation.

The plaintiff also alleges that C. Gonzalez falsely accused him of spitting on her. Even though other correctional officers who arrived shortly after the alleged incident did not believe C. Gonzalez, Sergeants McKinney and Shaw used excessive force against the plaintiff by spraying him with chemical agents. The plaintiff asserts that this assault was the direct result of C. Gonzalez telling everyone he was a snitch. A disciplinary report was filed against the plaintiff for the alleged spitting but after being convicted, he won his administrative appeal. Nevertheless, he asserts claims against the Wabash Valley employees who participated in his disciplinary action and its appeal. He also claims that Robert Carter, Indiana Department of Correction Commissioner, is responsible

for the actions of his employees and that all the named defendants were made aware of his situation and did nothing. He seeks compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, defendants Zatecky and Bodkin are **dismissed** because the complaint contains no factual allegations against them. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974).

Second, all claims against Robert Carter, Jr., Duane Alsip, L. Mason, J. Reed, Toukette, and Myers are **dismissed**. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, --- F.3d ----, 2017 WL 396568, *3 (7th Cir. 2017);

Here, the only allegations the plaintiff raises against Robert Carter, Jr., Duane Alsip, L. Mason, J. Reed, Toukette, and Myers are that they were aware of the plaintiff's situation with S. Gonzalez and failed to act. These allegations are insufficient to state a claim. Thus, these defendants must be dismissed. *See Marberry*, 2017 WL 396568, at *3 (holding that summary

judgment for the Superintendent was proper because the plaintiff's allegations—that the Superintendent "brushed off his complaints, leaving them to be handled through the chain of command"—were insufficient to demonstrate the personal responsibility necessary to state a § 1983 claim; such allegations brought the plaintiff's "claim within the scope of *Iqbal*, *Vance*, and *Burks* rather than *Haywood*"); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming.").

Third, all claims against J. Schurman, A. Smith, King, M. Caylor, H. Duncan and M. Stamper are **dismissed**. The only allegations raised against these defendants relate to their role in handling the plaintiff's grievances, his disciplinary action, and its appeal. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

To the extent he attempts to raise claims regarding his disciplinary action, such claims would be properly brought as a habeas action, rather than in this civil rights action, had he suffered

grievous loss. But because he was successful in his administrative appeal, he suffered no increase in the length of his confinement. And he identifies no other injury as a result of the discipline.

Fourth, all claims against D. Arnold are **dismissed**. The only allegations against D. Arnold are that he turned in the plaintiff's grievances on time and called to check on the plaintiff's administrative appeal. The allegations do not state a viable constitutional claim and are therefore dismissed.

The claims which shall proceed are as follows:

- Excessive force claims against McKinney and Shaw,
- Eighth Amendment claim against S. Gonzalez for maliciously announcing to the plaintiff's cell block that he was a snitch.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through September 12, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

**The clerk is designated** pursuant to Fed. R. Civ. P. 4(c) to issue process to the defendants S. Gonzalez, Shaw, and McKinney in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 4, 2018, applicable forms (Notice of Lawsuit and Request for Waiver

of Service of Summons and Waiver of Service of Summons), and this Entry.  **The clerk shall terminate** all other defendants from the docket.

   **IT IS SO ORDERED.**

Date:  8/14/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER JOE MCCASTER
210738
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to:

S. Gonzalez
McKinney
Shaw
 (All employed at: Wabash Valley Correctional Facility)