UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOE MCCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00251-JPH-DLP |
| | ) | |
| MCKINNEY, | ) | |
| SHAW, | ) | |
| S. GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISCUSSING MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT, SCREENING AMENDED COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

The plaintiff's motion for leave to file amended complaint, dkt. [33], is **DENIED because the complaint is unsigned.** The plaintiff's motion for leave to file amended complaint, dkt. [34], is **GRANTED**. The **clerk IS DIRECTED** to re-docket the proposed amended complaint at dkt. 34-1 as the amended complaint in this action.

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

The amended complaint names eight defendants: 1) S. Gonzalez, 2) Sgt. McKinney, 3) Sgt. Shaw, 4) Cpt. Mason., 5) Sgt. Toukette, 6) C/O Myers, 7) Sgt. Watson, and 8) C/O Stevens.

The complaint alleges that S. Gonzalez repeatedly announced to the plaintiff's cell-house that he was a snitch. The plaintiff further alleges that S. Gonzalez falsely accused him of spitting on her. Sgt. Toukette and C/O Myers, who were in charge of the cell-house, did not believe S. Gonzalez and diffused the situation. Nevertheless, S. Gonzales called a signal. Cpt. Mason initially responded with his crew, which includes Sgt. McKinney, Sgt. Shaw, Sgt. Watson, and C/O Stevens. Cpt. Mason and his crew left the cell-house when the signal was canceled. Approximately twenty minutes later, the crew returned without Cpt. Mason. Sgt. McKinney and Sgt. Shaw assaulted the plaintiff while Sgt. Watson and C/O Stevens stood by and watched without intervening. Sgt. McKinney and Sgt. Shaw used excessive force against the plaintiff by spraying him with chemical agents. The plaintiff seeks compensatory and punitive damages.

## III. Dismissed Claims

All claims against Cpt. Mason are **DISMISSED for failure to state a claim**. The plaintiff does not allege that Cpt. Mason was present when he was assaulted. Instead, in his belated identification of claims not previously identified by the court, dkt. [32], he alleges that Cpt. Mason

must have known what his crew was going to do. Even if these allegations had been included in the amended complaint, it fails to state a claim upon which relief can be granted because it is mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). The plaintiff presents no factual content from which the Court can reasonably infer that Cpt. Mason knew his crew was returning to assault the plaintiff and did nothing about it.

All claims against Sgt. Toukette and C/O Myers are **DISMISSED for failure to state a claim.** The complaint alleges that these defendants were in charge of the cell-house, but § 1983 does not create a system of vicarious liability. *Burks v. Raemisch*, 555 F.3d 592, 593-96 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell*'s rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.") (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). Simply being in charge of an area does not make one liable for all events occurring in that area.

In his belated identification of claims not previously identified by the court, dkt. [32], the plaintiff makes additional allegations against these defendants which may state a failure to protect claim. He alleges that Sgt. Toukette and C/O Myers were in a position to watch the assault on video monitors and yet they did nothing to stop it. These allegations are not included in the amended complaint and therefore cannot be considered by the Court for screening. Should the plaintiff wish to include these allegations in his complaint, he should file a motion for leave to amend his complaint. He is reminded that an amended complaint will completely replace the previous complaint, so it must include all of his allegations and requests for relief.

**IV. Claims Which Shall Proceed**

In screening the original complaint, the Court allowed the following claims to proceed: 1) Eighth Amendment excessive force claims against Sgt. McKinney and Sgt. Shaw, and 2) an Eighth Amendment claim against S. Gonzalez for maliciously announcing to the plaintiff's cell block that he was a snitch and that this put him in danger of assault by other inmates. Those claims are realleged in the amended complaint and **shall proceed**.

The amended complaint additionally alleges that Sgt. Watson and C/O Stevens failed to protect the plaintiff from assault by Sgt. McKinney and Sgt. Shaw when they stood by and witnessed the assault but did nothing to stop it. This Eighth Amendment claim **shall proceed**.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through February 4, 2019**, in which to identify those claims by filing a motion for leave to amend his complaint and including a proposed amended complaint.

### V. Service of Process

**The clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sgt. Watson and C/O Stevens in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to add defendants Sgt. Watson and C/O Stevens to the docket. Defendants S. Gonzalez, Sgt. McKinney, Sgt. Shaw have already appeared. They shall have 21 days to file a responsive pleading.

**SO ORDERED.**

Date: 1/7/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER JOE MCCASTER
210738
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov

Electronic Service to:

Sgt. Watson
C/O Stevens
    (all employed at Wabash Valley Correctional Facility)