UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOE MCCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00251-JPH-DLP |
| | ) | |
| MCKINNEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISCUSSING PENDING MOTIONS**

**I.**

On July 3, 2019, the defendants filed a motion for *in camera* review of Indiana Department of Correction ("IDOC") policies requested by the plaintiff in discovery. The defendants did not provide the policies to the Court for review. Dkt. 106. The defendants' motion, dkt. [106], is **granted to the extent that** the defendants shall have **through November 27, 2019**, in which to file *ex parte* the policies requested by the plaintiff. In the future, the defendants should file *ex parte* disputed discovery with their motion for *in camera* review or protective order so the Court can address the discovery dispute more efficiently.

**II.**

On July 16, 2019, the plaintiff filed a motion to compel seeking the production of log data, IDOC policies, emails, and video evidence. Dkt. 110. The plaintiff complains that the log data produced by the defendants has been redacted and that instead of producing emails, the defendants produced a report the plaintiff already had.

The defendants responded that redacted information in the produced log data refers to other offenders and is not relevant to the plaintiff's case. The defendants also state that they have searched for and produced all relevant emails to the plaintiff. They explain that the report

1

mentioned by the plaintiff and other documents produced with relevant emails were produced because they were attachments to the emails requested by the plaintiff. Finally, the defendants note that they have filed motions for *in camera* review of the requested video evidence and IDOC policies. Dkt. 116.

The plaintiff replied that he would like the Court to review *in camera* the unredacted log data because he believes the defendants are concealing relevant information. He states that he has a "handwritten letter from an offender that is documented in the Log Data in question." The significance of this assertion is not clear to the Court, however the Court will review the unredated log data to resolve the discovery dispute.

The defendants shall have **through November 27, 2019**, in which to file *ex parte* an urendacted copy of the log data previously produced to the plaintiff. Because the Court is also reviewing the disputed video evidence and IDOC polices, and there is nothing deficient about the defendants' response to the plaintiff request for emails, the plaintiff's motion to compel, dkt. [110], is **denied**. The Court will review the disputed discovery and determine whether the defendants are entitled to a protective order.

**III.**

On July 24, 2019, the plaintiff moved for sanctions against the defendants for spoliation of evidence. Dkt. 115. He alleges that the defendants acted in bad faith when they failed to preserve video evidence from April 28-30, 2017. The Court previously granted the defendants' motion for *in camera* review of the April 30, 2017, video. Therefore, the Court will only address the defendants' failure to preserve video evidence from April 28-29, 2017.

The defendants responded that Laura Bodkin, a grievance specialist, decided not to retain the video footage from April 28-29, 2019, because it did not have sound and the plaintiff's

grievance was that defendant Gonzalez had called him a "snitch" on those days. Without sound, the video footage did not confirm or contradict the plaintiff's assertions. Furthermore, defendant Gonzalez no longer worked at the facility at the time Laura Bodkin reviewed the video footage. There was therefore no reason to preserve the video footage for possible discipline of defendant Gonzalez. Dkt. 140.

Sanctions are not appropriate in this instance because the video footage was not destroyed for the purpose of hiding adverse information. *See Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 2002) ("[T]he crucial element is not that evidence was destroyed but rather the reason for the destruction."). The plaintiff's allegations are that defendant Gonzalez called him a "snitch" on April 28 and 29, 2019. Without sound, the video evidence from those days would not have contained any information adverse to the defendants. Therefore, the plaintiff's motion, dkt. [115], is **denied**.

**IV.**

On August 19, 2019, the plaintiff filed a motion to compel the production of the defendants' disciplinary history. Dkt. 128. The defendants responded that the time for their response to the plaintiff's discovery request had not yet passed at the time he filed his motion to compel and that they intended to respond to his request. Dkt. 135. The plaintiff replied that the defendants' response to his discovery request was unsatisfactory. Dkt. 138. He stated that the defendants have refused to produce their disciplinary history on the grounds that production of the requested information could compromise the safety and security of the facility.

If a defendant objects to a discovery request for security reasons, the defendant must file a motion for a protective order and/or a motion for an *in camera* inspection. The motion must explain the basis of the security concern in as much detail as possible. Broad or conclusory statements regarding security are insufficient. *See, e.g.*, *Johnson v. Brown*, 681 Fed. Appx. 494, 496 (7th Cir. 2017); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Although such a motion should be

3

filed before the response to the discovery request is due, the defendants shall have **through November 27, 2019**, in which to either produce the documents requested by the plaintiff or file a motion for protective order. If the defendants move for a protective order, they must file *ex parte* the disputed discovery materials.

## V.

The plaintiff's motion for court assistance, dkt. [131], is **granted to the extent** that the Court has addressed his pending motions in this Order.

## VI.

The plaintiff's motion for settlement conference, dkt. [64], is **granted**. The defendants have indicated that they believe a settlement conference would be beneficial. Dkt. 148. The Court will set a settlement conference after counsel is recruited for the plaintiff.

**SO ORDERED.**

Date: 11/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER JOE MCCASTER
210738
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kelly Cochran
INDIANA ATTORNEY GENERAL
kelly.cochran@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov